# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | |
|---|---|
| DALE THOMPSON, | * |
| Plaintiff, | * |
| v. | * CASE NO. 4:06-CV-71 (CDL) |
| | * 42 U.S.C. § 1983 |
| W.W. ADAMSON, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

Before the court is Defendant Adamson's Motion to Dismiss Plaintiff's action for failure to state a claim upon which relief may be granted by failing to exhaust his available administrative remedies (R-8). The Plaintiff was notified of his right to respond and did so on September 19, 2006 (R-10).

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, a plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319 (1989). If, as a matter of law,

it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) and *Conley v. Gibson*, 355 U.S. 41 (1957).

## DISCUSSION

The Plaintiff's complaint requests monetary damages for the Defendant's violation of his First Amendment right to petition the court for a redress of his grievances, Fourth Amendment right to be secure in his person, Fifth Amendment right not to incriminate himself, Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment right to equal protection of the laws (R-1). Specifically, Plaintiff claims that on December 8, 2005, he was mailed a self-help litigation manual from PSI publishing which he never received. *Id.* Plaintiff alleges that he again requested the litigation manual from the company, which was mailed to him, but that Defendant Adamson refused to deliver it to him. *Id.* He alleges that on April 16, 2006, he filed an Inmate Request form seeking to have the manual provided to him. *Id.* Plaintiff claims the Defendant refused his request. *Id.* Thereafter, on May 17, 2006, Plaintiff alleges that he filed an Informal Grievance seeking similar relief. *Id.* Plaintiff claims he received no response to this Grievance, which he refers to as "Grievance Number I-0094." *Id.*

In his Motion to Dismiss, the Defendant contends that Plaintiff failed to timely exhaust his available administrative remedies where he failed to file a formal grievance.

(Defendants' Brief, p. 5). Defendant contends that Plaintiff was notified on April 18, 2006, and again on May 15, 2006, that the litigation manual he requested was "too large" and that it constituted contraband because it could be used as a weapon. (R-8, p. 3). Defendant further argues that the Plaintiff was provided thirty days to respond to the notices, but none were forthcoming. *Id.* Defendant also denies having any record of Plaintiff's alleged "Grievance Number I-0094." *Id.*

By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 , 112 S.Ct. 1081, 1086 (1992). The Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements . . ." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision recently held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Woodford*, at 2380. The Respondent thereafter

filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be fully and properly exhausted. *Id.*

A review of the Georgia Department of Corrections Standard Operating Procedure (hereinafter, "SOP") on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure" before proceeding to a "Formal Grievance Procedure." (Defendants' Exh. A). The SOP states that an inmate has ten calendar days from the date he knew or should have known of the facts surrounding the grievance to file an informal grievance. *Id.* After a decision is rendered regarding the informal grievance, the inmate may procure a formal grievance form from a prison counselor. *Id.* There further exists an appeal process for inmates who are not satisfied with the outcome of the formal grievance. *Id.* For an inmate to fully exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure.

In his Response to the Defendant's Motion to Dismiss, Plaintiff contends that he did, in fact, file an informal grievance, but that he received no response. He further alleges that the he never received the notices informing him that the manual was too large and that the

4

log books were altered by the Defendants. In analyzing the merits of a Motion to Dismiss, the court is not required to determine if the facts as alleged by the Plaintiff have been proven, but rather, whether the Defendant has shown that Plaintiff's complaint, which must factually be accepted as true, demonstrates that there is no set of facts which would entitle him to the relief he seeks.

In this case, Defendant has failed to establish that Plaintiff did, in fact, fail to exhaust the grievance procedure. Upon further review of the facts of this case, however, the Court finds that Plaintiff's case should be dismissed for his failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915A (1996):

> (a) **The court shall review**, before docketing, if feasible or, in any event, **as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity**.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
> > (1) is frivolous, malicious, or **fails to state a claim upon which relief may be granted**; or
> > (2) seeks monetary relief from a defendant who is immune from such relief. (emphasis added).

Here, Plaintiff has alleged no physical injury resulting from the abovementioned actions. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Eleventh Circuit Court of Appeals has held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000). One of this district's sister courts has identified a guide for determining the types of injuries that surmount the *de minimis* physical injury bar as follows:

> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise above *de minimis,* would under *Siglar v. Hightower, (cite omitted),* require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)."

*Luong v. Hatt,* 979 F. Supp. 481 (N.D. Tex. 1997).

As stated *supra*, the Plaintiff has made several allegations against the named Defendant, specifically, violations of his First Amendment right to petition the court for a redress of his grievances, Fourth Amendment right to be secure in his person, Fifth Amendment right not to incriminate himself, Eighth Amendment right to be free of cruel and unusual punishment and his Fourteenth Amendment right to equal protection of the laws. He claims that he has suffered emotional distress, lack of sleep, depression and mental anguish. However, Plaintiff has made no showing that he was physically harmed in any way by the failure of the Defendant to allow him to possess materials the prison deemed "too

6

large" or deemed contraband. In fact, the United States Supreme Court has held that "the First Amendment entitles a prisoner to receive and send mail, subject only to the institution's right to censor letters or withhold delivery if necessary to protect institutional security, and if accompanied by appropriate procedural safeguards." *Hudson v. Palmer*, 468 U.S. 517, 547 (1984); *citing, Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800 (1974). Plaintiff has not been forever deprived of the manual he seeks, but will have it returned to him, along with his other personal property, when he leaves prison. Because Plaintiff has alleged no physical injury and the factual allegations asserted by him do not indicate any physical injury, he has failed to state a claim upon which relief may be granted.

Accordingly, it is hereby RECOMMENDED, that Plaintiff's case be dismissed pursuant to the foregoing authority. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO ORDERED this 22nd day of March, 2007.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eWs